UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-cv-23672

TRACEY VALENTINE

       Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

       Defendant

                                     /

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

files its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [ECF No.

35], and states as follows*:

**ANSWER**

**THE PARTIES AND JURISDICTION**

1.     Admitted Plaintiff is seeking damages in excess of $75,000, denied as to

entitlement to same.

2.     Without knowledge, therefore denied.

3.     Admitted Defendant maintains an office in Miami-Dade County and operated the

subject ship.

4.     Admitted for purposes of this litigation only that jurisdiction is proper.

5.     As to paragraph 5 and its subparts, admitted for purposes of this litigation that venue

is proper.

1

6. Admitted.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. Admitted.

8. Admitted.

9. Admitted Plaintiff was a lawful fare-paying passenger.

10. Denied as phrased.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied, including subparts (a) through (d).

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied as phrased and as an improper legal statement.

25. Denied as phrased.

26. Denied.

27. Denied.

28.     Denied as phrased and as an improper legal statement.

## COUNT I
## NEGLIGENT FAILURE TO MAINTAIN

29.     Defendant reincorporates its responses to paragraphs 1 through 28 as if fully stated herein.

30.     Admitted only that Plaintiff alleges a negligent failure to maintain claim.

31.     Admitted that Defendant owes a duty of reasonable care to its passengers.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT II
## NEGLIGENT FAILURE TO WARN

36.     Defendant reincorporates its responses to paragraphs 1 through 28 as if fully stated herein.

37.     Admitted only that Plaintiff alleges a negligent failure to warn claim.

38.     Admitted that Defendant owes a duty of reasonable care to its passengers.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT III
## NEGLIGENT TRAINING OF PERSONNEL

43.     Defendant reincorporates its responses to paragraphs 1 through 28 as if fully stated herein.

44. Admitted only that Plaintiff alleges a negligent training of personnel claim.

45. Admitted that Defendant owes a duty of reasonable care to its passengers.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**COUNT IV**
**NEGLIGENT DESIGN, CONSTRUCTION**
**AND SELECTION OF MATERIALS**

53. Defendant reincorporates its responses to paragraphs 1 through 28 as if fully stated herein.

54. Admitted that Plaintiff alleges a negligent design claim.

55. Admitted that Defendant owes a duty of reasonable care to its passengers.

56. Denied as phrased.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

\* Any allegation not specifically admitted to is hereby denied, including the damages sought in the wherefore clauses.

**AFFIRMATIVE DEFENSES**

As separate and complete defenses, based on information and belief, Carnival states as follows:

A.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

B.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

C.      Plaintiff has failed to mitigate her losses or damages claimed against Defendant by failing to take advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage. Specifically, medical records to be obtained in discovery may indicate Plaintiff did not seek out medical treatment in a reasonable amount of time or did not follow the advice of her doctors.

D.      Plaintiff was negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

E.      The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, *arguendo*, that any pre-existing mental or physical injury or illness was aggravated by

any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

F. Any risks complained of by Plaintiff were open and obvious, obviating any duty to warn by Defendant.

G. The allegedly dangerous condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced.

H. The Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

I. Defendant is entitled to a setoff for any settlement or award obtained by the Plaintiff from any other person or entity for the injuries she claims of in this action, as provided by Florida law.

J. Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

K. General maritime law applies to Plaintiff's claims.

L. Plaintiff's claims are governed by maritime law and any recovery is limited to same.

M. Plaintiff's claims are a fraud in whole or in part.

N.      This action is governed by and subject to the terms, limitations, and conditions contained within the Plaintiff's Passenger Ticket Contract.

**\* Discovery in this matter is ongoing and Defendant reserves the right to amend and/or add affirmative defenses that appear to be supported by the evidence.**

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley N. Genoese*
    W. Cooper Jarnagin
    Florida Bar No. 117767
    *cooper.jarnagin@gray-robinson.com*
    Michael J. Drahos
    Florida Bar No. 0617059
    *michael.drahos@gray-robinson.com*
    Ashley N. Genoese
    Florida Bar No. 1019357
    *ashley.genoese@gray-robinson.com*
    *lilia.parker@gray-robinson.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

7

*/s/ Ashley N. Genoese*

**SERVICE LIST**
**CASE NO. 1:24-cv-23672**

John H. Hickey, Esq.
Sarah A. Lobel, Esq.
HICKEY LAW FIRM, P.A.
12150 SW 128th Court, Ste 225
Miami, Florida 33186
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*hickey@hickeylawfirm.com*
*federalcourtfilings@hickeylawfirm.com*
*slobel@hickeylawfirm.com*
*tlantigua@hickeylawfirm.com*

*Attorneys for Plaintiff*

8